IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PRESSLEY B. ALSTON,

    Plaintiff,

v.                                                          CASE NO. 4:13-cv-383-MW-GRJ

STATE OF FLORIDA, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Pressley Alston, DOC # 709795, a death-row inmate confined at Union Correctional Institution, initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C § 1983 and seeks leave to proceed as a pauper. Docs. 1, 3. The Complaint challenges the "Timely Justice Act" which the Florida Legislature passed during the 2013 regular session. The Act, which became effective on July 1, 2013, is intended to accelerate the frequency of death warrants and place limits on the capital postconviction process. *See Abdool v. Bondi*, Case No. 13-1123 (Fla. June 26, 2013) (emergency petition to declare Timely Justice Act unconstitutional). In the instant Complaint, Plaintiff contends that the Act is unconstitutional and seeks federal declaratory and injunctive relief. Doc. 1.

Plaintiff is subject to the three-strikes bar of 28 U.S.C. § 1915(g), having had three or more prior civil actions or appeals dismissed on the grounds that they were

frivolous, malicious, or failed to state a claim upon which relief may be granted.[1] Accordingly, Plaintiff is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998).

The Complaint does not allege that Plaintiff is in imminent danger of serious physical injury with respect to his present conditions of confinement. To the extent that he contends that he may face accelerated execution of his sentence under the Act, the Court is not persuaded that this prospect reflects the type of imminent danger contemplated by the exception to the three-strikes bar.

Further, as noted above, the constitutionality of the Timely Justice Act is the subject of a petition filed by more than 100 death row inmates that is pending before the Florida Supreme Court. Principles of comity and federalism require this Court to

---

[1] *See Alston v. State*, Case No. 3:13-cv-707-J-32JBT (M.D. Fla. June 21, 2013) (imposing three-strikes bar and citing Plaintiff's previous dismissals that qualify as strikes). The complaint in this recent Middle District case asserted the same claims regarding the Timely Justice Act as raised in the instant case.

give the state courts the opportunity to rule on the constitutionality of the Act in the first instance. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *Butler v. Alabama Judicial Inquiry Comm'n*, 245 F.3d 1257, 1261 (11th Cir. 2001) ("*Younger* and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases--already pending in state court--free from federal court interference.") (citation omitted).

Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that leave to proceed as a pauper should be **DENIED,** and that this case should be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C § 1915(g) three-strikes bar.

**IN CHAMBERS** this 10th day of October 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**